IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE THANG BUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-295-D |
| | ) |
| JOHN E. POTTER, Postmaster General, and | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the Court upon Defendants' Second Motion to Dismiss [Doc. No. 33], which seeks dismissal for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), of Plaintiff's Amended Complaint [Doc. No. 28]. Plaintiff, who appears *pro se*, has filed a timely response to the Motion and has submitted documents showing that he utilized the administrative process before filing suit. [Doc. No. 35]. For reasons that follow, the Court finds the action should be dismissed without prejudice.

Plaintiff filed the Amended Complaint to comply with a prior order directing him to file a pleading that complied with Fed. R. Civ. P. 8(a). *See* Order 2/11/09 [Doc. No. 27]. This pleading states that Plaintiff brings suit "pursuant to the Civil Rights Act of 1964, title VII and the Americans with Disabilities Act of 1990." *See* Am. Compl. [Doc. No. 28] at 1, ¶ 3. Plaintiff's only allegation regarding jurisdiction is that "this Court has Federal question jurisdiction" arising under these statutes. *Id*. ¶ 3. For his claims, Plaintiff alleges that he was employed by Defendants without incident from December, 1986, until 2003, when he was discharged following an apparent dispute concerning his use of vacation and sick leave and his request for medical treatment of an injury.

Plaintiff seeks reinstatement, back pay, damages for alleged physical and economic injuries, and an injunction against further conduct that interferes with Plaintiff's exercise of unspecified rights.[1]

## Defendants' Motion

Defendants contend that the Amended Complaint contains an insufficient statement of jurisdiction because it fails to "identify the statutory provision under which the claim arises and [to] allege sufficient facts to show that the case arises under federal law." *See* Motion [Doc. 33] at 3. Defendants also contend that Plaintiff has not satisfied his additional burden in a suit against a federal agency to plead a waiver of sovereign immunity. Defendants thus make a facial attack on the sufficiency of the Amended Complaint to allege the existence of subject matter jurisdiction.

Defendants also contend that the Amended Complaint fails to allege sufficient facts to state a claim upon which relief can be granted. Defendants argue that "[a]lthough the Amended Complaint does allege that wrongs occurred, Plaintiff's vague allegations and his pleading by generalities do not satisfy the requirements of Rule 8 or this Court's Order granting him leave to amend." *See id.* at 8-9.

## Standard of Decision

In addressing a jurisdictional challenge to the sufficiency of Plaintiff's pleading to allege the existence of subject matter jurisdiction, the Court accepts the factual allegations of the Amended Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). When considering the facts upon which subject matter jurisdiction

---

[1] *Because the Amended Complaint supersedes Plaintiff's prior pleadings, the Court looks only to the allegations of the Amended Complaint. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991); Gilles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990).*

depends, however, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003; *see also Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). "The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

## Analysis

Where, as here, a plaintiff seeks to bring an action within federal question jurisdiction under 28 U.S.C. § 1331, the "plaintiff creates federal-question jurisdiction by means of a 'well-pleaded complaint establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law.'" *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "Because general jurisdictional statutes, such as 28

U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apartments, Ltd. v. United States Dep't of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009).  Also, "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII [and the ADA]." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir.1996) (Title VII); *see McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002) (ADA).

In this case, the Amended Complaint cites federal laws that create a cause of action for wrongful discharge under certain circumstances and that authorize employment discrimination suits against federal agencies according to statutory procedures.[2]  However, Plaintiff alleges no facts to show that he is asserting a claim against the United States Postal Service under Title VII, which prohibits discrimination on the basis of enumerated factors, or the ADA, which protects only individuals with disabilities as defined by the statute.  Further, the Amended Complaint contains no fact to suggest that Plaintiff has complied with the necessary procedures for bringing suit.  Even if the documents submitted with Plaintiff's objection are considered as an amendment to his pleading, they reflect insufficient facts to suggest the exhaustion of his administrative remedies.  Administrative exhaustion has two components:  (1) the filing of an administrative complaint that is pursued through completion of the administrative process; and (2) the presentation of the same claim in both the administrative and judicial forums.  *See Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1183, 1186 (10th Cir. 2007) (exhaustion requires administrative filing and presentation

---

[2] *"The federal government may condition its waiver of sovereign immunity by requiring plaintiffs to follow specific procedures in order to recover.  Title VII of the Civil Rights Act of 1964 sets forth such specific procedural requirements for making a disability discrimination claim against an individual's federal employer which also apply to claims stemming from the Rehabilitation Act and the Americans with Disabilities Act." Lindstrom v. United States, 510 F.3d 1191, 1194 (10th Cir. 2007) (citations omitted).*

of particular claim); *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993) (exhaustion requires compliance with procedures to conclude administrative process). The record contains no factual basis to show these jurisdictional prerequisites to suit have been satisfied. Therefore, the Court finds that the Amended Complaint is insufficient to allege the existence of subject matter jurisdiction.

Alternatively, the Court also finds that the Amended Complaint fails to state a claim upon which relief can be granted. Although Plaintiff appears to complain about the termination of his employment and characterizes the employment action as a "wrongful discharge," he does not allege that his termination was based on a classification protected by Title VII or a "disability" as defined by 42 U.S.C. § 12102(1). Thus, the Amended Complaint fails to allege necessary facts to establish an entitlement to relief under the legal theories suggested by the references to Title VII and ADA.

IT IS THEREFORE ORDERED that Defendants' Second Motion to Dismiss [Doc. No. 33] is GRANTED. The Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim for relief.

IT IS SO ORDERED this  2nd   day of June, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE